# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM LAMAR BROWN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>AMY MILLER, Warden,<br><br>　　　　Respondent. | Case No. 1:12-cv-01787-AWI-MJS (HC)<br><br>ORDER DECLINING TO ISSUE<br>CERTIFICATE OF APPEALABILITY |

On November 1, 2012, Petitioner filed a petition for writ of habeas corpus. Doc. 1. The Magistrate Judge conducted an initial screening and ordered an answer by the State. Doc. 5. The State answered. Doc. 15. Petitioner filed a traverse. Doc. 26. The Magistrate Judge issued a findings and recommendations, recommending denial of the petition. Doc. 30. Petitioner filed objections to the findings and recommendations. Doc. 37. On March 25, 2015, this Court considered the objections and adopted in full the findings and recommendations, denying the petition and declining to issue a certificate of appealability. Doc. 38. Petitioner filed a motion for certificate of appealability. Doc. 40. This Court denied that motion. Doc. 48. The Ninth Circuit Court of Appeals then denied Petitioner's next request for a certificate of appealability. Doc. 49.

On October 24, 2016, Petitioner moved to reopen the judgment pursuant to Federal Rule of Civil Procedure 60(b). Doc. The Court denied that motion, finding that none of the bases for relief set forth in Rule 60(b) were presented. Doc. 51. In denying that motion, the Court did not issue a certificate of appealability. Petitioner then filed an appeal to the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals has remanded the matter "for the limited purpose of

1

granting or denying a certificate of appealability...." Doc. 55 (citing, *inter alia*, *Lynch v. Blodgett*, 999 F.2d 401, 403 (9th Cir. 1993) (requiring a COA to appeal denieal of a motion for relief under Rule 60(b)). This Court will decline to issue a certificate of appealability.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court issues a final order in a federal habeas proceeding, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner presented no basis for relief from judgment; he merely

reiterated his original claims that were already addressed by the Court. After review of Petitioner's motion and the record, the Court had no reason to believe that its prior decision was erroneous. Reasonable jurists could not disagree with the Court's denial of the motion for relief from judgment in this case.

**ORDER**

The Court hereby DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: May 25, 2017

_____
SENIOR DISTRICT JUDGE